IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

LAJUANNA Y-VETT ANDERSON, )
)
      Plaintiff, )
)
v. ) Case No. 4:20-CV-00303-BCW
)
KANSAS CITY POLICE )
DEPARTMENT, et al., )
)
      Defendants. )

## ORDER

Before the Court are Defendant Kansas City Police Department's Motion to Dismiss (Doc. #7) and Defendant Kansas City Fraternal Order of the Police Lodge #99's Motion to Dismiss (Doc. #15). Plaintiff LaJuanna Anderson did not respond to the motions. The Court, being duly advised of the premises, grants said motions.

Plaintiff is a former employee of the Kansas City Police Department ("KCPD") and filed this action against KCPD and the Fraternal Order of the Police Lodge #99 ("FOP #99") alleging claims of discrimination under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. In her Complaint, Plaintiff alleges she was discriminated against when she was denied a promotion in 2018, when she was forced to work overtime on March 13, 2019, and when she was denied accommodations for her disability and medical leave under the Family and Medical Leave Act ("FMLA") in June 2019.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Factual

1

allegations in the complaint must be sufficiently alleged to raise a right to relief above the speculative level. Id. at 554-55. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not show that a pleader is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008) (citations omitted). However, the Court need not accept as true legal conclusions couched as factual allegations. Iqbal at 678.

**ANALYSIS**

Defendant Kansas City Police Department moves for dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) on the basis they are not a legal entity that is subject to lawsuit. Indeed, "the [KCPD] does not exist as an entity that can be sued." Cross v. Cleaver, 142 F.3d 1059, 1063 (8th Cir. 1998). Accordingly, the Court finds Plaintiff's claims against KCPD must be dismissed. KCPD's Motion to Dismiss (Doc. #7) is therefore granted.

Defendant FOP #99 moves for dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) on the basis that Plaintiff failed to properly raise several of her claims before the EEOC in her Charge of Discrimination before filing this suit. FOP #99 also argues that for the claims which Plaintiff did raise in her EEOC Charge of Discrimination, she fails to allege sufficient facts to establish plausible claims of discrimination.

"The timely filing of an EEOC charge is a requirement for bringing a Title VII or ADEA suit in federal court." Hutson v. Wells Dairy, Inc., 578 F.3d 823, 826 (8th Cir. 2009) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). A plaintiff has 300 days from the date

of the alleged unlawful action to file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1). "If a plaintiff fails to file a timely charge, the lawsuit is barred unless he or she can demonstrate that the limitations period is subject to equitable modification such as waiver, estoppel, or tolling." Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1327 (8th Cir. 1995).

Plaintiff filed her Charge of Discrimination with the EEOC on January 14, 2020, alleging she was discriminated against when (a) the FOP #99 denied her requests for union representation on March 13, 2019, June 2019, and August 19, 2019, (b) she was suspended from her employment with KCPD without pay after being charged with a crime on August 19, 2019, and (c) she was denied FMLA leave and disability accommodations around June 2019. (Doc. #1-3).

As to Plaintiff's allegation in her Complaint that she was denied a promotion in 2018, Plaintiff failed to raise the issue in her Charge of Discrimination as is required to bring a claim in federal court. Hutson, 578 F.3d at 826. Likewise, Plaintiff failed to raise the issue of forced overtime in her Charge of Discrimination. Thus, Plaintiff's claims of Title VII discrimination based on denial of a promotion and forced overtime are not properly before this Court and are dismissed. FOP #99's motion to dismiss is granted on these points.

Next, FOP #99 argues Plaintiff's allegation of denial of disability accommodation and FMLA leave should be dismissed against them because the claim is not directed at them, but rather at Plaintiff's employer, KCPD. Plaintiff alleges she "advised HR she was diagnosed with carpel tunnel [and] back problems" and was not given accommodations, and thus is appears Plaintiff alleges it was her employer that denied her accommodations. Plaintiff's Charge of Discrimination lists her employer as KCPD. Accordingly, the Court finds Plaintiff's claim for disability discrimination is not directed at FOP #99 and FOP #99's motion to dismiss is granted on this point.

3

Case 4:20-cv-00303-BCW   Document 23   Filed 09/16/21   Page 3 of 4

Finally, FOP #99 argues there are pleading deficiencies in Plaintiff's allegations pertaining to denial of union representation. "To state a Title VII claim against a labor union, a plaintiff must allege that (1) the union took adverse union action against the plaintiff, and (2) the plaintiff's race, color, religion, sex, or national origin was a motivating factor in the adverse union action." <u>Collier v. Local Union Plumber No. 1</u>, No. 18-7992, 2019 WL 1755385, at *3 (S.D.N.Y. Apr. 18, 2019). Notwithstanding the fact that Plaintiff did not raise the union representation allegations in her Complaint (they are raised only in the Charge of Discrimination), Plaintiff fails to allege sufficient facts to establish a plausible claim. Specifically, Plaintiff pleads no facts pertaining to what requests she made for representation, to whom she made those requests, the response she received, the reason for denial of representation, or how such denial was discriminatory. "Though pro se complaints are to be construed liberally . . . they still must allege sufficient facts to support the claims advanced." <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97 (2004); <u>Dunn v. White</u>, 880 F.2d 1188 (10th Cir. 1989)). Plaintiff's claims for denial of union representation are therefore dismissed under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). Accordingly, it is hereby

ORDERED Defendant Kansas City Police Department's Motion to Dismiss (Doc. #7) is GRANTED. It is further

ORDERED Defendant Kansas City Fraternal Order of Police Lodge #99's Motion to Dismiss (Doc. #15) is GRANTED.

IT IS SO ORDERED.

Date: <u>September 16, 2021</u>           <u>/s/ Brian C. Wimes</u>
                                                               JUDGE BRIAN C. WIMES
                                                               UNITED STATES DISTRICT COURT